**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

CORDARELL LOCKETT,                                                                                              PLAINTIFF
ADC# 141945

v.                          1:14CV00102-JLH-JJV

CLINTON BAKER, Sergeant,
Arkansas Department of Correction; *et al.*                                     DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form

1

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I. INTRODUCTION

Cordarell Lockett ("Plaintiff") is an inmate of the Arkansas Department of Correction ("ADC"). He filed this *pro se* action pursuant to 42 U.S.C. § 1983, alleging Defendants Clinton Baker and Joe Page violated his constitutional rights. (Doc. No. 2.) Specifically, Plaintiff alleges that Defendant Baker used excessive force against him when he sprayed mace through the food trap of his cell. (*Id*. at 4.) He alleges that Defendant Page, by promulgating a rule which allowed correctional officers to use force to stop the destruction of state property, enabled this abuse of force. (*Id*.) Defendants filed a Motion for Summary Judgment ("Motion") seeking dismissal of all claims. (Doc. No. 18.) Plaintiff has not responded and deadline for doing so has passed.

### II. BACKGROUND

Plaintiff alleges that on July 21, 2014, Defendant Baker approached his cell and told him to stop kicking the door. (Doc. No. 2 at 4.) Plaintiff denied kicking the door and asked Defendant Baker to move away from his cell. (*Id*.) Defendant Baker then allegedly deployed mace through the cell food trap. (*Id*.)

As previously noted, Plaintiff alleges that Defendant Page is responsible for promulgating a policy which allows correctional officers to use force to prevent destruction of state property. (*Id*.)

He also claims that Defendant Page failed to properly investigate Defendant Baker's use of force on July 21, 2014. (*Id.* at 5.)

No video recording of the use of force exists. There is, however, video of the incident's aftermath in which correctional officers direct Plaintiff to submit to handcuffs in preparation for shower decontamination. (Doc. No. 23 at :47.) Plaintiff is argumentative and initially refuses, stating that he does not want a shower. (*Id*. at 2:45.) Correctional officers reiterate the need for decontamination and Plaintiff eventually submits. (*Id*. at 6:47.) Plaintiff is then taken to the shower. (*Id*. at 7:57.) Minutes later, he refuses an offer of medical attention, stating he is fine. (*Id*. at 17:10.)

### III. SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary

judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## IV. ANALYSIS

Pursuant to their Motion, Defendants argue that: (1) Plaintiff's official capacity claims are barred by sovereign immunity; (2) Plaintiff has failed to allege Defendant Page's personal involvement in the relevant incident; (3) Plaintiff's denial of medical care claims are refuted by video evidence; (4) Defendant Baker's use of force was not excessive; and (5) both Defendants are entitled to qualified immunity. Plaintiff has not responded to these arguments. For the reasons stated hereafter, Defendants' Motion will be granted.

### A. Official Capacity Claims

It is settled law that an official capacity claim for damages against a state or municipal actor is akin to a claim against the state or municipality itself. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). It necessarily follows that official capacity claims for damages against state employees are barred by the Eleventh Amendment. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989). Here, both Defendants are employees of the ADC and Plaintiff's official capacity claims against them are barred by the doctrine of sovereign immunity.

### B. Qualified Immunity[1]

Qualified immunity protects officials who acted in an objectively reasonable manner and shields a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known."

---

[1]As noted above, Defendants raise separate arguments that the weight of evidence does not support a violation of Plaintiff's Eighth Amendment rights by either Defendant. Analysis of that argument overlaps with a discussion of qualified immunity, and the Court elects to evaluate immunity first because "Qualified immunity is immunity from suit rather than a mere defense to liability, and therefore, immunity issues should be resolved at the earliest possible stage of the litigation." *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

*Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. *McClendon v. Story County Sheriff's Office*, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (the privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether defendants are entitled to qualified immunity, courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *see also Saucier v. Katz*, 533 U.S. 194, 201 (2001).[2] Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative. *Nelson v. Correctional Medical Services*, 583 F.3d 522, 528 (8th Cir. 2009).

      1.      Medical Claims

To the extent Plaintiff raises any claims for denial of medical care against either Defendant, the Court finds those claims to be entirely refuted by video evidence. The recording clearly shows Plaintiff being offered medical attention after being escorted to the showers. (Doc. No. 23 at 17:10.) He declines that attention and states he is fine. (*Id*.)

---

[2]Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Nelson v. Correctional Medical Services*, 583 F.3d 522, 528 (8th Cir. 2009) (quoting *Pearson v. Callahan*, 555 U.S. at 236).

2. Defendant Page

Plaintiff does not allege that Defendant Page was present or otherwise directly involved in the use of force which gives rise to this action. As noted above, he claims that Defendant Page authorized a policy allowing the use of force to protect state property and failed to investigate Defendant Baker's use of force on July 21, 2014. Neither of these allegations establishes a violation of Plaintiff's rights.

Plaintiff has not articulated an intent to challenge the relevant use of force policy as unconstitutional on its face. Rather, he alleges that Defendant Baker abused the policy to maliciously deploy force against him. (Doc. No. 2 at 5.) Taken as true, this allegation fails to establish that Defendant Page violated Plaintiff's rights. There is no record evidence that the policy in question was articulated for the purpose of sanctioning otherwise unjustified uses of force. That the policy might, in some instances, be invoked by subordinates to justify constitutional misconduct is insufficient to hold the policy maker responsible. *See Johnson v. Blaukat*, 453 F.3d 1108, 1114 (8th Cir. 2006) (finding no liability for policy makers where subordinates failed to comply with an otherwise constitutional policy).

The Court also finds that Defendant Page's alleged failure to properly investigate the incident is insufficient to sustain a constitutional claim. A supervisor may be held responsible for failure to investigate if: (1) the official had notice of a pattern of unconstitutional acts committed by subordinates; (2) the official demonstrated deliberate indifference or tact authorization toward those acts; (3) the official failed to undertake sufficient remedial action; and (4) the failure to investigate proximately caused the claimant's injury. *See Andrews v. Fowler*, 98 F.3d 1069, 1078 (8th Cir. 1996). Here, Plaintiff alleges Defendant Page failed to investigate the incident after its occurrence. (Doc. No. 2 at 5.) He does not claim that he was subjected to any other excessive use of force after

the July 21, 2014, incident. As such, the Court concludes that Defendant Page's failure to properly investigate the incident was not the proximate cause of any relevant injury. *See also Clark v. Long*, 255 F.3d 555, 559 (8th Cir.2001) (to state a claim for the violation of constitutional rights, "the plaintiff must prove that the defendant's unconstitutional action was the 'cause in fact' of the plaintiff's injury.").

3.      Defendant Baker

Plaintiff alleges that Defendant Baker used excessive force when he deployed pepper spray against him. (Doc. No. 2 at 4.) Prior to using force, Defendant Baker allegedly ordered Plaintiff to stop kicking his cell door. (*Id.*) Plaintiff denied kicking the door and told Defendant Baker to get away from his cell. (*Id.*) In analyzing claims for excessive force, "the core judicial inquiry is whether force was applied in a good-faith effort to maintain and restore discipline, or maliciously and sadistically to cause harm." *Santiago v. Blair*, 707 F.3d 984, 990 (8th Cir. 2013) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). "Whether the force used was reasonable is 'judged from the perspective of a reasonable officer on the scene' and in light of the particular circumstances." *Story v. Norwood*, 659 F.3d 680, 686 (8th Cir. 2011) (quoting Graham v. Conner, 490 U.S. 386, 396-397 (1989)). Factors to be considered in making this determination are: (a) the objective need for force; (b) the relationship between the need and the amount of force used; (c) the threat reasonably perceived by the defendant; (d) any efforts by the defendant to temper the severity of the forceful response; and (e) the extent of the inmate's injuries. *Walker v. Bowersox*, 526 F.3d 1186, 1188 (8th Cir. 2008); *Johnson v. Blaukat*, 453 F.3d 1108, 1112 (8th Cir. 2008).

Here, the Court finds that the relevant factors weigh in favor of Defendant Baker. The record indicates the force used was minimal and proportional to the perceived threat to property and disciplinary authority. Video evidence establishes that, after being sprayed, Plaintiff was alert,

verbally combative, and not in any significant distress. (Doc. No. 23 at :47 - 2:45.) He initially declines correctional officers' attempts to ready him for shower decontamination, affirmatively stating that he doesn't want a shower. (*Id*. at 2:45.) Plaintiff also declines an offer of treatment from medical personnel, stating that he is fine. (*Id*. at 17:10.) Further, the Court concludes that Defendant Baker's perception of Plaintiff as a threat to state property was reasonable. Defendants provide evidence that Plaintiff has been found guilty of over seventy major disciplinary violations since his arrival at the Grimes Unit in March 2012. (Doc. No. 18-4 at 1.)[3] Plaintiff admits that someone was beating on a cell door, but claims it was inmate Dodson. (Doc. No. 18-2 at 16.) Even if Defendant Baker was ultimately mistaken as to identity of the party responsible for attacking state property, the record does not permit the conclusion that he acted maliciously or sadistically for the purpose of causing Plaintiff harm.

In reaching the determination that Defendant Baker's use of force was reasonable and well calibrated to the threat he perceived, the Court notes that it places significant emphasis on the complete absence of any rebutting argument from Plaintiff. Plaintiff shall have a final opportunity to state his case in his objections to this recommendation (should he choose to submit any).

**V.  CONCLUSION**

Based on the foregoing, the Court concludes that Plaintiff's official capacity claims are barred by sovereign immunity and both Defendants are entitled to qualified immunity.

IT IS, THEREFORE, RECOMMENDED THAT:

1.  Defendants' Motion for Summary Judgment (Doc. No. 18) be GRANTED.

---

[3] Of course, a propensity for misbehavior does not automatically justify the use of force against an inmate. It would, however, be illogical to exclude Defendant Baker's knowledge of Plaintiff's checkered disciplinary history in weighing whether his assessment of the threat was reasonable.

2. Plaintiff's Complaint be DISMISSED with prejudice.

3. The Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

IT IS SO RECOMMENDED this 15th day of June, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE